In the Matter of JOEL INGRAM GENZER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 21, 1981

APPEARANCES OF COUNSEL

*Michael A. Gentile* for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

*Per Curiam.*

Petitioner Departmental Disciplinary Committee for the First Department, moves to confirm the findings of fact and conclusions of law of the hearing panel, dated November 14, 1980, which recommended that respondent be disbarred from the practice of law.

Respondent was admitted to practice in the First Department in 1965. In November, 1980 he was found guilty of professional misconduct, in that he converted clients' funds to his own use and failed to account to the clients for such funds in violation of DR 9-102 and DR 1-102(A)(4) of the Code of Professional Responsibility. Further, respondent was found to be in violation of DR 1-102(A)(5), in that he failed to co-operate with the Departmental

Disciplinary Committee in their investigation of the above matter.

By order of this court dated December 13, 1979, respondent was served with a statement of the charges against him, via publication in the *New York Law Journal* of February 5, 1980. This court had determined that respondent could not with due diligence be served personally. The committee had unsuccessfully tried to locate Mr. Genzer since the filing of the first complaint in July of 1977.

Subsequent to the determination that respondent could not be served personally, a hearing was held wherein no appearance was made on his behalf. The hearing panel recommended disbarment.

Service by publication is sufficient to give the court jurisdiction under subdivision 6 of section 90 of the Judiciary Law. The fact that respondent has successfully eluded personal service of the petition in this matter should not be allowed to prevent his disbarment for conversion of clients' funds. The findings of the hearing panel should be and are hereby confirmed and respondent should be disbarred from the practice of law.

MURPHY, P. J., KUPFERMAN, ROSS, CARRO, and BLOOM, JJ., concur.

Opinion and recommendation of petitioner confirmed and respondent disbarred from practice as an attorney and counselor at law in the State of New York effective May 21, 1981.